No. 15,779.

DAVIS *v.* HEINZE.
(184 P. [2d] 493)

Decided September 2, 1947.

Mr. OLIVER W. WEBER, Mr. C. F. FUNDINGSLAND, for plaintiff in error.

Mr. WILLIAM W. GAUNT, Mr. CHARLES T. BYRNE, for defendant in error.

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to by name.

Davis sued Heinze in justice court for damages for assault and battery and had judgment. Heinze appealed to the county court where he had judgment on a directed verdict. No motion for a new trial was filed. To review that judgment Davis prosecutes this writ. His points are: The arbitrary conduct of the trial judge and the insufficiency of evidence to support the judgment.

The record before us is sketchy and indefinite and the briefs are not helpful.

■ Apparently Davis had been employed by Heinze and was residing in a house owned or controlled by the latter. He was discharged and was requested to move. He claimed to be looking for a place but without progress. Heinze was dissatisfied and called to demand that he vacate. What is referred to as "a scuffle" ensued, apparently instigated by the attempt of Davis to push Heinze out of the house or the door. With the help of his wife he seems to have succeeded. The "scuffle" was renewed on the porch and terminated when Mrs. Davis interjected her person between the participants. Heinze was ordered to leave and did and Davis and his wife withdrew within their domicile. Davis did not resort to the services of a physician or cease his usual activities. He says he had a sore throat "for about a week." Mrs. Davis testified, but went no further in describing the encounter than to say, "They were trying to hit each other." No logical conclusion can be reached from the record but that these men became unreasonably heated over a trivial matter and went through the usual preliminaries of a fistic encounter for which they were mutually responsible, and that due largely to the timely intervention of Mrs. Davis as a partisan of her husband the project was abandoned before a blow was struck. If Davis had a sore throat it may have been due to the rough language he used or to the temporary grip of Heinze. In any event this case appears to have been considered and tried by the parties as an assault and battery charge, whereas it was a simple damage suit de-

void of evidence of damage. Had a verdict been returned for Davis it should have been set aside, hence the direction for Heinze was proper.

As to the conduct of the trial judge, of which complaint is made, it may well be that his honor was a little impatient and peremptory, but provocation was not wanting. His discretion was beyond doubt, and prejudice is not apparent.

This cause should never have been instituted, but once started should have been terminated with the judgment of the county court.

The judgment is affirmed.

MR. JUSTICE ALTER and MR. JUSTICE LUXFORD concur.